```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
                                                               :
  CHIN TUAN,                                                   :
                                         Plaintiff,            :
                                                               :    19 Civ. 4264 (LGS)
                     -against-                                 :
                                                               :    ORDER
  FLATRATE MOVING NETWORK, LLC,                                :
                                         Defendant.            :
-------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 11, 2020, the Court issued an Opinion and Order (the "Order") granting Defendant's motion to dismiss the Second Amended Complaint ("SAC"), dismissing the Title VII claims and declining to exercise jurisdiction over the state law claims arising under New York State Human Rights Law ("NYSHRL"), New York City Human Rights Law ("NYCHRL") and New York Labor Law § 198-c(1). Dkt. No. 35.

WHEREAS, the Order dismissed Title VII claims stemming from Defendant's employment of Plaintiff from around July 2013 to September 2014, on the ground that those claims are time barred. *Id*. at pp. 5-6.

WHEREAS, to assert a Title VII discrimination claim, a plaintiff must allege two elements: "(1) the employer discriminated against him (2) because of his race, color, religion, sex, or national origin." *Vega v. Hempstead Union Free Sch. Dist*., 801 F.3d 72, 85 (2d Cir. 2015). To establish discrimination, a plaintiff must show:

> [A] materially adverse change in terms and conditions of employment. An adverse employment action is one which is more disruptive than a mere inconvenience or an alteration of job responsibilities. Examples of materially adverse changes include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or . . . assignment of a disproportionately heavy workload . . .

*Id*. (internal quotation marks and citations omitted). "[I]solated incidents of adverse treatment in scheduling and [] assignments," do not constitute materially adverse changes in terms and

conditions of employment.  *Rowe v. Jagdamba, Inc.*, 302 F. App'x 59, 62 (2d Cir. 2008) (summary order).

WHEREAS, the Order dismissed a Title VII discrimination claim stemming from Defendant's employment of Plaintiff from June 11, 2017, to June 20, 2017, on the ground that the SAC did not plead that Defendant subjected Plaintiff to actionable adverse employment actions and instead, pleaded sporadic assignments to less lucrative jobs and positions.  Dkt. No. 35 at p. 9 (explaining that "[i]n the circumstances of this case where Plaintiff worked only eight days in a ten-day period, these allegations of sporadic assignments to less lucrative jobs and positions and a single denial of overtime are insufficient to find 'a materially adverse change in the terms and conditions of employment'").

WHEREAS, to assert a Title VII retaliation claim, a "plaintiff must plausibly allege that:  (1) defendants discriminated -- or took an adverse employment action -- against him, (2) because he has opposed any unlawful employment practice."  *Duplan v. City of New York*, 888 F.3d 612, 625 (2d Cir. 2018).

WHEREAS, the Order dismissed a Title VII retaliation claim stemming from Plaintiff's application for, and Defendant's employment of, Plaintiff from June 11, 2017, to June 20, 2017, on the ground that the SAC did not plead that Plaintiff opposed an employment practice that is unlawful under Title VII.  Dkt. No. 35 at p. 11 (citing 42 U.S.C. § 2000e-2(a)(1) and explaining that "omitting 'Asian' as an option in a demographic question in an employment application is not an unlawful employment practice under Title VII, nor is asking for information on applicant's ethnicity or race").

WHEREAS, to assert a Title VII hostile work environment claim, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently

severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn v. City of New York*, 795 F.3d 297, 320-21 (2d Cir. 2015) (internal citation and quotation marks omitted).

WHEREAS, the Order dismissed a Title VII hostile work environment claim stemming from Defendant's employment of Plaintiff from June 11, 2017, to June 20, 2017, on the ground that the SAC did not plausibly allege a hostile work environment. Dkt. No. 35 at p. 13 (explaining that allegations that co-workers called Plaintiff "Chino"; others, including Plaintiff's supervisors, said his name in a "sarcastic" or "belittling" tone; and Plaintiff received undesirable work and team assignments were insufficient to find the "workplace is permeated with discriminatory intimidation, ridicule, and insult") (internal citation omitted).

WHEREAS, the Order granted Plaintiff leave to file a letter asking to replead with a proposed amended complaint attached, if "Plaintiff has additional facts that he believes would sustain a Title VII claim consistent with the [Order]." *Id*. at 15.

WHEREAS, on September 22, 2020, Plaintiff filed a motion for leave to replead and an accompanying proposed amended complaint (the "Proposed TAC"); Defendant filed an opposition; and Plaintiff filed a reply. Dkt. Nos. 38, 40, 43.

WHEREAS, courts must "liberally construe pleadings and briefs submitted by pro se litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (internal quotation marks omitted).

WHEREAS, leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). "However, where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cty. Of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Ziyan Shi v. New York*

*Dep't of State, Div. of Licensing Servs.*, 393 F. Supp. 3d 329, 343 (S.D.N.Y. 2019).  Leave to amend is futile where "the claims the plaintiff [seeks] to add would be barred by the applicable statute of limitations."  *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000); *accord Rivera v. City of New York*, No. 16 Civ. 9709, 2019 WL 252019, at (8 (S.D.N.Y. Jan 17, 2019).  It is hereby

**ORDERED** that Plaintiff's motion for leave to amend is **DENIED**.  Liberally construed to raise the strongest arguments in favor of Plaintiff, the Proposed TAC suffers from the same defects as the SAC.  As a result, amendment would be futile.  First, the Proposed TAC includes allegations regarding Defendant's employment of Plaintiff during 2013 and 2014.  Pursuant to the Order, Title VII claims stemming from these allegations are time barred.  *See* Dkt. No. 35 at pp. 5-6.  Second, the Proposed TAC, does not successfully plead, *consistent with the Order*, Title VII discrimination, retaliation or hostile work environment claims.  The Proposed TAC does not sufficiently plead an adverse employment event that occurred during Plaintiff's 10 days of employment in 2017, that would support a Title VII discrimination claim; instead, the Proposed TAC includes allegations of sporadic assignments to less lucrative jobs, along with an allegation that Plaintiff received a "high-commission job" on June 17th, 2017.  *See Rowe*, 302 F. App'x at 62 ("Rowe alleges isolated incidents of adverse treatment in scheduling and table assignments, and resulting loss of tips and wages, but his allegations do not rise to the level of a 'materially adverse change in the terms and conditions' of his employment.").  In addition, the Proposed TAC does not sufficiently plead that Plaintiff opposed an "unlawful employment practice," which is necessary to support a Title VII retaliation claim.  *See Duplan*, 888 F.3d at 625.  Finally, the Proposed TAC does not plead sufficient facts to support a Title VII hostile work environment claim.  *See Littlejohn*, 795 F.3d at 320 (requiring that the "the conduct complained of must be severe or pervasive enough that a reasonable person would find it hostile or abusive. . . . The incidents complained of must be more

4

than episodic"). It is further

**ORDERED** that by **December 10, 2020**, Defendant shall serve a copy of this Order on pro se Plaintiff and file proof of service.

The Clerk of Court is respectfully directed to close the motion at Docket No. 38 and close the case.

Dated: December 4, 2020
       New York, New York

                                              **LORNA G. SCHOFIELD**
                                              **UNITED STATES DISTRICT JUDGE**